*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 12a0392p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

DIXIE FUEL CO., LLC and BITUMINOUS
CASUALTY CORP.,

*Petitioners,*

*v.*

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR and ARLIS HENSLEY,
*Respondents.*

No. 11-4298

On Petition for Review of a Decision and Order
of the Benefits Review Board, United States Department of Labor.
No. 10-0363 BLA.

Decided and Filed: November 28, 2012

Before: SUTTON and STRANCH, Circuit Judges; STEEH, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Mark E. Solomons, Laura Metcoff Klaus, GREENBERG TRAURIG LLP, Washington, D.C., for Petitioners. Gary K. Stearman, Michelle S. Gerdano, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., Joseph E. Wolfe, Ryan C. Gilligan, WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS, Norton, Virginia, for Respondents.

_____

[*] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

**OPINION**

---

SUTTON, Circuit Judge. For two decades, Arlis Hensley tried to obtain benefits under the Black Lung Benefits Act. 30 U.S.C. § 901 *et seq*. On his third try, he succeeded—or so it seemed. An Administrative Law Judge concluded that Hensley's pulmonary troubles arose from the thirteen years he spent in the coal mines as opposed to a long-time smoking habit or other causes. As misfortune would have it, the ALJ erred in reaching this conclusion by failing to adhere to a key regulatory directive in weighing the medical evidence concerning Hensley's disease. As a result, we must reverse and remand, albeit with the hope that the ALJ will quickly, fairly and finally resolve this long-running claim.

I.

Arlis Hensley worked in various capacities as a coal miner at various times for thirteen years between 1972 and 1988. App. at 22. He also smoked half a pack of cigarettes every day for at least ten years. *Id.* For twenty years, from 1990 to 2010, Hensley tried to convince the federal government that one feature of his past as opposed to the other caused a disabling pulmonary impairment. *Id.* at 21–22.

In February 2010, ALJ Kenneth Krantz concluded that Hensley suffered from a disabling form of pneumoconiosis caused by his jobs in the coal mines and awarded him benefits under the Act. *Id.* at 56. The Benefits Review Board affirmed, *id.* at 18, and Hensley's former employer, Dixie Fuel Company, appealed.

II.

A claimant may establish work-related pneumoconiosis through x-rays, autopsies, biopsies and medical opinions. 20 C.F.R. § 718.202(a). In this instance, the record contains five x-rays, two biopsies, several CT scans and the medical opinions of numerous physicians. Ordinarily, when an ALJ reviews such evidence, his decision to

grant or deny benefits will be upheld so long as "substantial evidence" supports it. *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 (6th Cir. 2003). If, however, an ALJ has "failed to account [for] relevant record material, deference is inappropriate and remand is required." *Id.*

The ALJ committed just such an error. After summarizing the parties' medical evidence—some supportive of Hensley's claim, some not—the ALJ noted that a "Claimant may establish the existence of pneumoconiosis under any one of the *alternate* methods" in § 718.202. App. at 50 (emphasis added). He then determined that Hensley's x-ray evidence was sufficient and by itself "established the existence of pneumoconiosis." *Id.*

The ALJ erred by singling out the x-ray evidence to the exclusion of the other evidence. Although an ALJ may give more weight to some evidence than other evidence, he is not allowed to ignore competing evidence. "[N]one" of the categories of evidence, we have held, "is conclusive if outweighed by contrary evidence." *Gray v. SLC Coal Co.*, 176 F.3d 382, 389 (6th Cir. 1999); *see also Island Creek Coal Co. v. Compton*, 211 F.3d 203, 208 (4th Cir. 2000) (overturning an ALJ's decision because he failed to "weigh the X-ray evidence with the medical opinion evidence"); *Penn Allegheny Coal Co. v. Williams*, 114 F.3d 22, 25 (3d Cir. 1997) (criticizing the Board for relying solely on x-ray evidence and failing to consider biopsy evidence).

The Black Lung Benefits Act commands judges to consider "*all* relevant evidence" in determining the validity of a given claim. 30 U.S.C. § 923(b) (emphasis added). Construing an analogous regulation (§ 718.304), *Gray* explained that "'all relevant evidence' means just that—all evidence that assists the ALJ in determining whether a miner suffers from complicated pneumoconiosis." 176 F.3d at 389. Although § 718.202(a) lists four alternatives, each of which *may* be sufficient to support a diagnosis of pneumoconiosis, that does not mean that any of the four kinds of evidence automatically proves the existence of pneumoconiosis in the face of contrary evidence. "[W]hether or not a particular piece or type of evidence actually *is* a sufficient basis for a finding of pneumoconiosis will depend on the evidence [as a whole] in each case."

*Island Creek Coal Co.*, 211 F.3d at 209; *see also Mullins Coal Co. of Va. v. Dir., Office of Workers' Compensation Programs*, 484 U.S. 135, 148–49 (1987) (adopting a similar approach in interpreting § 727.203(a) of the Black Lung Benefits Act and rejecting the possibility that a single x-ray can constitute sufficient proof of an illness in the face of contradictory evidence).

This reading respects the Director's own interpretation of the regulation. According to the Director, "although section 718.202(a) enumerates four distinct methods of establishing pneumoconiosis, all types of relevant evidence *must be weighed together* to determine whether the claimant suffers from the disease." Br. for the Federal Respondent at 22 (emphasis added). Because this is a reasonable interpretation of a regulation the Director is responsible for administering, it is controlling. *Auer v. Robbins*, 519 U.S. 452, 461 (1997); *see also Talk America, Inc. v. Mich. Bell Tel. Co.*, 131 S. Ct. 2254, 2261 (2011).

Cases from other circuits come out the same way. The Third and Fourth Circuits both agree that the "plain meaning of [the 'all relevant evidence'] statutory language is that all relevant evidence is to be considered together rather than merely within discrete subsections of § 718.202(a)." *Island Creek Coal Co.,* 211 F.3d at 208; *see also Consolidation Coal Co. v. Held*, 314 F.3d 184, 186–87 (4th Cir. 2002). No circuit to our knowledge has reached a contrary conclusion.

Nor is a contrary conclusion easy to fathom. "[W]eighing all of the relevant evidence together makes common sense." *Island Creek Coal Co.*, 211 F.3d at 209. Otherwise, an ALJ could find that a claimant had pneumoconiosis even though the evidence taken together supports a different finding, even though indeed it conclusively establishes a different finding.

Nor was this error a harmless one. The other evidence cuts the other way, permitting a finding that Hensley does not suffer from pneumoconiosis. The biopsy of Hensley's lungs came back negative, App. at 47, the CT scans may have been inconclusive, and several physicians testified against an award of benefits, App. at 47–50. The ALJ must weigh all of the evidence—for and against a finding of

pneumoconiosis—before granting benefits. This is not to say that the ALJ must reconsider his prior judgment with respect to any one piece of contrary evidence or end up with a different conclusion. All of that is up to the ALJ in the first instance.

Because Hensley's claim has been pending for so long, we hope (and expect) that the agency will resolve this claim once and for all expeditiously. If Hensley deserves benefits under the Act, he should not have to wait this long to obtain them.

III.

For these reasons, we vacate the decision of the Board and remand with instructions for the Board to remand this case to an ALJ for further consideration.